IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

LACHAUNDA WOODS                           CASE NO.:

    Plaintiff,

vs.

FANEUIL, INC,
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, LACHAUNDA WOODS ("Ms. Woods" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant FANEUIL, INC. ("FANEUIL" or "Defendant"), a foreign profit corporation, and states as follows:

1. Plaintiff brings this action for violation of Florida's Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") and for retaliation in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**PARTIES**

2. Plaintiff is an adult individual who performed services for Defendant in Orange County, Florida.

3. Plaintiff is protected by the FCRA because:

    a. Plaintiff objected to unlawful disability or "perceived disability," discrimination at her workplace and was retaliated against, and suffered an adverse employment action as a result of her objections to same.

4. Defendant was at all material times an "employer" as defined by the FCRA as it employed in excess of fifteen (15) employees.

5. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by FWA.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

7. Defendant is a foreign profit corporation that operates and conducts business in Orange County, Florida, and is therefore, within the jurisdiction of this Court.

8. This Court has original jurisdiction over Plaintiff's claims as they arise under state law, pursuant to the FCRA and the FWA, and the actions giving rise to this lawsuit occurred in Orange County, Florida.

9. Venue is proper because Defendant's principal place of business is Orange County, Florida.

## CONDITIONS PRECEDENT

10. On or around December 13, 2019, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

11. More than 180 days have passed since the dual filing of his Charge, and as a result, Plaintiff's FCRA claims have complied with its administrative requirements.

12. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## STATEMENT OF FACTS

13. Plaintiff worked for Defendant as a Human Resource Coordinator from June 3, 2019, until her unlawful termination on September 30, 2019.

14. During her tenure, Plaintiff was an excellent employee, who had no history of disciplinary, performance, or attendance issues.

15. As a Human Resource Coordinator, Plaintiff was tasked with recruiting potential employees for Defendant.

16. Specifically, after passing the required drug test and background reports, Plaintiff hired an applicant, a veteran, Richard Compston ("Mr. Compston"), for a toll collector position.

17. Following his hiring, Mr. Compston arrived on the first day of orientation using a cane to support his walking.

18. Immediately, Defendant's supervisor, Ayman Ghali ("Mr. Ghali"), made discriminatory remarks to Ms. Woods for hiring an individual who was disabled or perceived as disabled.

19. Subsequently, Ms. Woods approached Mr. Compston and inquired if he needed any reasonable accommodations to be able to perform the essential duties of his position.

20. Mr. Compston stated that he did not need any such accommodations.

21. Plaintiff informed Defendant's management that Mr. Compston did not need any accommodations and could perform the essential duties of his job.

22. Despite being informed that Mr. Compston's usage of a cane would not hinder his ability to perform his job, Defendant's manager did not let Mr. Compston begin working in the toll collector position he was hired for.

23. It became obvious that Faneuil took issue with Ms. Woods' hiring of Mr. Compston solely because Mr. Compston was disabled or appeared disabled.

24. After orientation, Ms. Woods was instructed by her supervisor, Mr. Ghali to not give Mr. Compston a schedule and to lie to him that there weren't any trainers available at the location for which he was hired for.

25. Ms. Woods adamantly refused to be involved in any acts of unlawful discrimination against Mr. Compston and stated it was illegal, under the Americans with Disabilities Act and FCRA, for Faneuil to discriminate against Mr. Compston because of his disability/perceived disability. *See* 42 U.S.C. § 12112(a).

26. Ms. Woods' objections are considered "protected activity" under both the FWA and the FCRA.

27. The following week, Mr. Compston walked into Faneuil's office to inquire why he has not been scheduled to work yet.

28. Refusing to engage in unlawful activity, Ms. Woods refused to talk to Mr. Compston and instead, Defendant's Vice-President, Andrew Clayton ("Mr. Clayton"), met with Mr. Compston to inform him he could not work at the location he was hired for.

29. Mr. Clayton subsequently informed Mr. Compston that if he wished to remain employed, he would have to take a different position which would require an hour and a half commute from his home.

30. Predictably, Mr. Compston denied this discriminatory request and as a result, Defendant terminated him against the law.

31. After Mr. Compston left, Defendant's Recruiter, Michelle, immediately warned Ms. Woods that if Mr. Compston pursued a lawsuit against Faneuil, she would be terminated.

32. After Faneuil was notified of Mr. Compston's potential employment discrimination lawsuit, Michelle and Mr. Ghali began retaliating against Plaintiff.

33. Following the incident with Mr. Compston, and in retaliation to her engaging in protected activity, Ms. Woods received an increase in workload and was given an unreasonably hectic schedule she previously did not have by Michelle and Mr. Ghali.

34. Her increased workload and change of schedule caused a backload of applicants waiting to be interviewed with Ms. Woods.

35. On September 30, 2019, Faneuil terminated Ms. Woods and stated it was for keeping an applicant waiting for too long.

36. However, during her termination Michelle and Mr. Ghali informed Ms. Woods that "[w]e told you this would happen once Richard Compston filed the lawsuit."

37. The statement shines light to the real reason for Ms. Woods' termination, for her objections and refusal to participate in the brazen and illegal discriminatory conduct.

38. Defendant did not have a legitimate, non-retaliatory reason for Plaintiff's termination.

39. Any reason provided for Plaintiff's termination by Defendant is a pretext and a cover up for illegal retaliation.

40. The temporal proximity between Plaintiff's objections/refusal to participate in Defendant's illegal and discriminatory conduct, or what Plaintiff reasonably believed to be illegal conduct, and her termination, is sufficiently close to create the necessary nexus between the events.

41. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice or what she reasonably believed to be an illegal activity, policy, or practice; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

42. Plaintiff has suffered damages as a result of Defendant's conduct.

43. Plaintiff has retained the law firm RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

44. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1, 2, 5-9, 13-43, of the Complaint as if fully set forth herein.

45. On September 30, 2019, Defendant terminated Plaintiff from her employment in violation of Section 448.102 (3), Florida Statutes.

46. Plaintiff was retaliated and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, what she reasonably believed to be illegal activity, and refusing to participate in illegal activity being conducted by Defendant.

47. Plaintiff objected to a violation of a law, rule, or regulation or what she reasonably believed to be a violation of a law, rule, or regulation by Defendant, and was fired as a direct result of same, which constitutes a violation of the FWA.

48. Plaintiff refused to participate in a violation of a law, rule, or regulation or what she reasonably believed to be a violation of a law, rule, or regulation by Defendant, and was fired as a direct result of same, which constitutes a violation of the FWA.

49. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## COUNT II – RETALIATION
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

50. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 4, 6 through 14, 18 through 27, 29 through 33, and 36 of the Complaint as if fully set forth in this Count.

51. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt Mr. Compston was being discriminated against based on his disability, and/or perceived disability.

52. Plaintiff's objections constituted protected activity under the FCRA.

53. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

54. Plaintiff was terminated as a direct result of refusal to engage in what she reasonably believed to be disability discrimination.

55. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

56. Defendant's stated reasons for Plaintiff's termination are a pretext.

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

59. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

60. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 23rd day of November 2020.

Respectfully submitted,

**By:** */s/Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
David M. Nudel, Esq.
Florida Bar No. 1003678
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com
E-mail:  david@floridaovertimelawyer.com